**SMITHPETER et al. v. BANK OF GROVE.**

No. 25115.   June 12, 1934.

J. W. Miller, for plaintiffs in error.

E. H. Beauchamp, for defendant in error.

BUSBY, J.   This is an appeal from the district court of Delaware county in which two actions were consolidated and tried as one.

The first is an action commenced in the lower court by O. W. Smithpeter, plaintiff in error herein, who as a taxpayer sought to vacate a judgment previously rendered in that court on March 27, 1933, in an action therein pending in which the Bank of Grove was plaintiff and the board of education of school district No. 17, town of Grove, Delaware county, was defendant. The judgment sought to be vacated was in favor of the plaintiff and against the defendant for the sum of $7,103.71 found to be due on unpaid outstanding warrants of school district No. 17 for the fiscal years of 1930-31 and 1931-32.

While the above-mentioned proceeding to vacate the previous judgment was pending, a proceeding to fund the judgment based upon the warrants in the manner prescribed by article 4, chap. 32, O. S. 1931, was commenced. A "remonstrance" was filed by the plaintiff in error and nine other taxpayers protesting the funding of such indebtedness.

The two proceedings were consolidated. On the trial of the issues the lower court denied the petition to vacate the judgment and determined that the indebtedness should be funded. From the decision of the trial court Mr. Smithpeter and the other remonstrating taxpayers have appealed to this court.

It is contended by the plaintiffs in error that the previous judgment in favor of the Bank of Grove was invalid by reason of the alleged failure of the school district officers to make a proper defense in that suit, and by reason of the asserted insufficiency of the petition in that action to state a cause of action. We deem it entirely unnecessary to discuss either the sufficiency of the petition upon which the previous judgment was based, or the propriety of the manner in which the school district officers discharged their duty to defend the suit. This for the reason that the warrants upon which the questioned judgment was based are conclusively shown to be valid, and within the appropriation for the fiscal years for which they were issued.

The applicable and governing rule of law was announced by this court in Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15, wherein the court said in syllabus paragraph 1:

"When valid municipal warrants are attempted to be merged into judgment and the indebtedness evidenced thereby is thereafter refunded and the refunding bonds are attacked on the ground that the judgment rendered on the warrants is void, the attack must fail for the reason that the indebtedness may be refunded whether it is evidenced by warrants or judgment, and the invalidity of the judgment rendered on the warrants will not defeat refunding bonds so issued."

Inasmuch as the warrants and judgment

426

based thereon were funded by the lower court, we shall not consider further the previous and questioned judgment sought to be vacated.

The plaintiffs in error also contend that the warrants were prematurely funded. In substance they assert that proceedings to fund indebtedness must be delayed as long as there is any possibility that collections might be made from taxes levied and assessed for the fiscal year for which such warrants were issued. In support of this contention they rely principally upon a statement contained in the body of the opinion in Faught v. City of Sapulpa, supra, where in discussing indebtedness of municipalities this court, speaking through Mr. Justice Andrews, said:

"Such indebtedness should not be merged into the judgment until it is clear that the income and revenue provided for those years is insufficient to retire the indebtedness."

The quoted statement was made as a declaration of sound municipal financial policy and not as a rule of law. It has no application as a rule of law to the case at bar.

The funding bond proceedings herein involved were commenced in April of 1933. The indebtedness was funded in May of 1933. The indebtedness funded was incurred during the fiscal years of 1930-31 and 1931-32. Both of those fiscal years expired long prior to the funding of the indebtedness. The time for the November sale for delinquent taxes for each of the fiscal years in which the indebtedness was incurred had expired. The uncollected taxes for those years could no longer be considered taxes in the "process of collection."

Furthermore, testimony appears in the record tending to show that the probability of sufficient revenue to pay the whole or any substantial part of the funded indebtedness being realized from taxes levied and assessed during the years for which the indebtedness was created is very slight. Under the circumstances of this case, the funding of the indebtedness was neither premature nor improper. Other arguments are presented in the brief of the plaintiff in errors which are without merit. The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur.